UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:  
Chapter 11  
MIGUEL S. RUIZ,                      Case No. 09 B 5984  
        Debtor.                 Chapter 11  
                                      Honorable Susan B. Sonderby

**RESPONSE TO MOTION OF BANCO POPULAR FOR RELIEF FROM AUTOMATIC STAY OR FOR OTHER RELIEF**

Debtor, MIGUEL RUIZ, by way of Response to the Motion of Banco Popular for Relief from Automatic Stay or for Other Relief, states as follow:

1. Debtor, MIGUEL S. RUIZ ("Debtor"), filed for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on February 25, 2009.

**RESPONSE:** Debtor, MIGUEL S. RUIZ, admits the allegations contained in paragraph 1 of the Motion of Banco Popular for Relief from Automatic Stay or for Other Relief.

2. Banco has a secured interest in the properties commonly described as:

a. 2317 N. Milwaukee, Units R-1, R-2 and R-3, Chicago, Illinois (Commercial Condominiums) by virtue of a Mortgage and Promissory Note executed on or about June 6, 2005 by Ruiz and LaSalle National Bank Association, as successor trustee under Trust No. 119024 and not personally, to which Miguel Ruiz is the sole beneficiary, in the principal amount of $750,000.00, copies of which are attached hereto as Exhibits 1 and 2 respectively;

b. 2317 N. Milwaukee, Unit 4, Chicago, Illinois (Residential Condominium) by virtue of a Mortgage and Promissory Note executed on or about November 1, 2006 by Ruiz and Chicago Title Land Trust Company, not personally but as Trustee on behalf of Chicago Title Land Trust Company as successor Trustee to LaSalle Bank National Association, successor

Trustee to LaSalle National Trust, N.A., as Trustee u/t/a dated August 26, 1994 a/k/a Trust No. 119024, to which Ruiz is the sole beneficiary (the "Land Trust") in the principal amount of seven hundred thousand ($700,000.00) (the "$700,000.00 Note"), copies of which are attached hereto as Exhibits 3 and 4 respectively. Additionally, a Second Mortgage and Promissory Note executed on or about November 1, 2006 by Ruiz and the Land Trust, in the principal amount of one hundred thousand dollars ($100,000.00) (the "$100,000.00 Note"), copies of which are attached as Exhibits 5 and 6 respectively.

   c. 1918 W. Winnemac, Chicago, Illinois (Single Family Residence) by virtue of a First Mortgage, a copy of which is attached hereto as Exhibit 7, securing the $700,000.00 Note, and a Second Mortgage, a copy of which is attached hereto as Exhibit 8, securing the $100,000.00 Note.

**RESPONSE:** Debtor, MIGUEL S. RUIZ, admits the allegations contained in paragraph 2 a., 2 b. and 2 c. of the Motion of Banco Popular for Relief from Automatic Stay or for Other Relief.

3. The loans described in paragraph 2 are commercial in nature.

**RESPONSE:** Debtor, MIGUEL S. RUIZ, admits the allegations contained in paragraph 3 of the Motion of Banco Popular for Relief from Automatic Stay or for Other Relief.

4. Pursuant to 362(d) a party in interest may receive relief from the automatic stay: (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

**RESPONSE:** Debtor, MIGUEL S. RUIZ, admits the allegations contained in paragraph 4

of the Motion of Banco Popular for Relief from Automatic Stay or for Other Relief.

5. Debtor has defaulted, and remains in default, with respect to the collateral described herein by virtue of the following:

a. 2317 N. Milwaukee, Units R-1, R-2 and R-3, Chicago, Illinois: non-payment pursuant to the terms of the note on November 15, 2006 to the present;

b. 2317 N. Milwaukee, Unit 4, Chicago, Illinois: maturity and non-payment pursuant to the terms of the note on June 7, 2006 and declaration of insecurity on December 1, 2006 as to the Second Mortgage;

c. 918 W. Winnemac, Chicago, Illinois: maturity and non-payment pursuant to the terms of the note on June 7, 2006 as to the First Mortgage and Banco's declaration of insecurity on December 1, 2006 as to the Second Mortgage.

**RESPONSE:** Debtor, MIGUEL S. RUIZ, admits the allegations contained in paragraph 5 of the Motion of Banco Popular for Relief from Automatic Stay or for Other Relief.

6. Debtor's failure to remain current on its obligations to Banco leaves Banco's interests unprotected, and constitutes cause for relief from the automatic stay within the provisions of 362(d) of the Bankruptcy Code.

**RESPONSE:** Debtor, MIGUEL S. RUIZ, denies each and every allegation contained in paragraph 6 of the Motion of Banco Popular for Relief from Automatic Stay or for Other Relief.

7. Further, Debtor has failed to pay real estate property taxes on any of the properties described herein, and said taxes have been sold with redemption to expire on June 29, 2009.

**RESPONSE:** Debtor, MIGUEL S. RUIZ, admits the allegations contained in paragraph 7 of the Motion of Banco Popular for Relief from Automatic Stay or for Other Relief. Debtor

further states that Banco Popular had entered into an arrangement for an additional loan with Debtor prior to any alleged default in payment of real estate taxes whereby the payments were to be paid from said additional loan. Subsequent to said loan arrangement and prior to any default in payment of real estate taxes, Banco Popular failed and refused to have funds available in accordance with the said arrangement for payment of the real estate taxes.

8. On information and belief, the Debtor is not maintaining insurance on the properties described herein.

**RESPONSE:** Debtor, MIGUEL S. RUIZ, denies each and every allegation contained in paragraph 8 of the Motion of Banco Popular for Relief from Automatic Stay or for Other Relief. The four condominiums are all insured through the condominium association. Attached hereto as Debtor's Exhibit A is Proof of Insurance for the the property commonly known as 918 W. Winnemac, Chicago, Illinois.

9. The estimated value of the properties are as follows:

a. 2317 N. Milwaukee, Units R-1, R-2 and R-3, Chicago, Illinois $660,000.00 (See, Exhibit 91);

**RESPONSE:** Debtor, MIGUEL S. RUIZ, denies each and every allegation contained in paragraph 9 a. of the Motion of Banco Popular for Relief from Automatic Stay or for Other Relief. Debtor further states that the value of 2317 N. Milwaukee, Units R-1, R-2 and R-3, Chicago, Illinois is $1, 050,000.00. (See attached Exhibit B)

b. 2317 N. Milwaukee, Unit 4, Chicago, Illinois $330,000.00 (See, Exhibit 102);

**RESPONSE:** Debtor, MIGUEL S. RUIZ, denies each and every allegation contained in paragraph 9 b. of the Motion of Banco Popular for Relief from Automatic Stay or for Other Relief. Debtor further states that the value of 2317 N. Milwaukee, Unit 4 is $380,000.00.

(See attached Exhibit C)

c. 918 W. Winnemac, Chicago, Illinois $835,000.00 (See, Exhibit 113). Therefore, there is little to no equity in the properties, and the value continues to erode in the current market conditions.

**RESPONSE:** Debtor, MIGUEL S. RUIZ, denies each and every allegation contained in paragraph 9 c. of the Motion of Banco Popular for Relief from Automatic Stay or for Other Relief. Debtor further states that the value of 918 W. Winnemac, Chicago, Illinois is $1,028,187.00. (See Attached Exhibit D)

10. The property described herein is not necessary for an effective reorganization.

**RESPONSE:** Debtor, MIGUEL S. RUIZ, denies each and every allegation contained in paragraph 10 of the Motion of Banco Popular for Relief from Automatic Stay or for Other Relief. Debtor further states that his reorganization is dependent on the sale of some of the properties for the equity therein. Additionally, Debtor currently occupies one of the commercial units to operate his construction business and for storage of materials. The residential unit is occupied by Debtor as his home and intends to use the proceeds from the property sales to redeem the unit.

11. Debtor has acted unreasonably in failing to make payments to Banco pursuant to the promissory notes both before and after the filing of this case. But for the filing of this case, Banco would have been able to obtain a court order allowing it to regain possession of the property on an expedited basis. Therefore, Omni requests that the ten (10) day stay of an order modifying the stay provided by Bankruptcy Rule 4001(a)(3) be nullified. (sic)

**RESPONSE:** Debtor, MIGUEL S. RUIZ, denies each and every allegation contained in paragraph 11 of the Motion of Banco Popular for Relief from Automatic Stay or for Other

Relief.  Debtor further states that Banco Popular had entered into an arrangement for an additional loan with Debtor prior to any alleged default in payment whereby the payments were to be paid from said additional loan.  Subsequent to said loan arrangement and prior to any default in payment to Banco Popular, Banco Popular failed and refused to have funds available in accordance with the said arrangement for payment on the loans that Banco Popular alleges are in default.

WHEREFORE, Debtor, MIGUEL RUIZ, prays that this Court to deny the relief sought by BANCO POPULAR NORTH AMERICA in its Motion for Relief from Automatic Stay or for Other Relief.

        Respectfully submitted,

        /s/ James O. Stola
        Attorney for Debtor

**ATTORNEY NO. 51775**
**LAW OFFICE OF JAMES O. STOLA**
**3057 NORTH ROCKWELL AVENUE**
**CHICAGO, IL 60618**
**(773)583-1170**
**FAX: (773)583-1185**
**E-MAIL: JSTOLA@SBCGLOBAL.NET**

**CERTIFICATE OF SERVICE**

On the 26th day of May, 2009, a true and correct copy of the foregoing Response to the Motion of Banco Popular for Relief from Automatic Stay or for Other Relief was delivered via electronic transmission through CM/ECF to:

CHUHAK & TECSON, P.C.
Attorney for Banco Popular

Kimberly A. Duda
Attorney for Mark and Monica Roneskevitz

William T Neary
Office of the U.S. Trustee, Region 11

/s/ James O. Stola
Attorney for Debtor

**ATTORNEY NO. 51775**
**LAW OFFICE OF JAMES O. STOLA**
**3057 NORTH ROCKWELL AVENUE**
**CHICAGO, IL 60618**
**(773)583-1170**
**FAX: (773)583-1185**
**E-MAIL: JSTOLA@SBCGLOBAL.NET**