THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) In Chapter 11 |
| | ) No. 09 B 05984 |
| MIGUEL S. RUIZ a/k/a MIGUEL RUIZ, | ) |
| | ) Judge Susan P. Sonderby |
| Debtor. | ) Motion Date: September 8, 2009 |
| | ) Motion Time: 10:00 a.m. |

## NOTICE OF MOTION

TO:    See attached

PLEASE TAKE NOTICE THAT on September 8, 2009 at the hour of 10:00 a.m., a **MOTION OF BANCO POPULAR TO DISMISS OR CONVERT TO CHAPTER 7**, shall be heard by the Honorable Susan P. Sonderby of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 642 at 219 S. Dearborn St., Chicago, Illinois. A copy of same is attached hereto and thereby served upon you. You may appear if you so see fit.

CHUHAK & TECSON, P.C.

## AFFIDAVIT OF SERVICE

I, Francisco E. Connell, an attorney, certify that I served the foregoing by mailing a copy of it to the persons identified above and depositing the same in the United States Mail at 30 S. Wacker, Chicago, Illinois on August 12, 2009 with proper postage prepaid.

s\ Francisco E. Connell
Francisco E. Connell

CHUHAK & TECSON, P.C.
Attorney for Banco Popular
33 South Wacker Drive, Suite 2600
Chicago, Illinois  60606
(312) 444-9300

903092\1\12501\31716

SERVICE LIST

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0752-1<br>Case 09-05984<br>Northern District of Illinois<br>Chicago<br>Mon Aug 10 15:48:40 CDT 2009 | Banco Popular North America<br>C/O Chuhak & Tecson, P.C.<br>Attn: Joshua S. Hyman<br>30 S. Wacker Drive<br>Suite 2600<br>Chicago, IL 60606-7512 | U.S. Bankruptcy Court<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604-1702 |
| 2317-2321 N Milwaukee Condo<br>Richard Lanis<br>2319 N MILWAUKEE #5<br>Chicago, IL 60647-7840 | Asset Acceptance LLC / Assignee / Brandsmart<br>Po Box 2036<br>Warren MI 48090-2036 | Banco Popular<br>Credit Risk Management<br>15933 Clayton<br>Baldwin (St. Louis), MO 63011-2172 |
| Carlos Rodriguez<br>c/o Frank Lopez<br>2337 North Milwaukee<br>Chicago, IL 60647-2924 | Department of Treasury<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C 20220-0002 | (p)ILLINOIS DEPARTMENT OF REVENUE<br>P O BOX 64338<br>CHICAGO IL 60664-0338 |
| Illinois Department of Revenue<br>Retailers Occupation Tax<br>Springfield, Illinois 62796-0001 | KOVITZ SHIFRIN NESBIT<br>08 M1 731594<br>750 LAKE COOK RD 350<br>BUFFALO GROVE, IL 60089-2088 | Kubasiak, Flystra, Thorpe& Rutonno, PC<br>20 North Clark, 29th Floor<br>Chicago, IL 60603-1802 |
| Mark & Monica Roncskevitz<br>c/o Kimberly Duda, Atty<br>19 South LaSalle, #1500<br>Chicago, IL 60603-1413 | Mark and Monica Gibson Ronscevitz<br>Kimberly A Duda<br>19 S LaSalle St #1500<br>Chicago IL 60603-1413 | Michael J. Gilmartin<br>Chuhak & Tecson<br>30 South Wacker Dr, Ste. 2600<br>Chicago, IL 60606-7512 |
| Michael J. Gilmartin<br>Chuhak & Tecson<br>30 South Wacker Dr, Ste. 2600<br>Chicago, IL 60606-7512<br>Parkway Bank<br>Construction Loan Dept00.00 | NORTH STAR CAPITAL ACQUISITIONS LLC<br>c o Jefferson Capital Systems LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999<br>Orig By: ARC/CERTEGY | North Star Capital Acquisitions<br>c/o Jefferson Capital Systems<br>PO Box 7999<br>St Cloud, MN 56302-7999 |
| Parkway Bank<br>Construction Loan Dept00.00<br>4800 N Harlem Avenue<br>Harwood Heights, IL 60706-3506 | Parkway Bank and Trust<br>4646 N Cumberland Ave<br>Chicago, IL 60656-4237 | Sabre Group 09 COTD 521, 522<br>ANNE HEATHER OTTENFELD<br>120 W. Madison, Suite 918<br>Chicago, IL 60602-4157 |
| Treasurer of Cook County<br>Cook County Building, 4th Floor<br>118 N. Clark St.<br>Chicago, IL 60602-1304 | Z Financial, 09 COTD 1382<br>CARTER & REITER LTD<br>40 North Wells, Suite 300<br>Chicago, IL 60606-3316 | James O Stola<br>2828 N Milwaukee Avenue<br>Chicago, IL 60618-7401 |
| James O Stola<br>Law Office of James O Stola<br>3057 North Rockwell<br>Chicago, IL 60618-7917 | Miguel S Ruiz<br>2317 North Milwaukee<br>Unit 4<br>Chicago, IL 60647-2924 | William T Neary<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604-1702 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | No. 09 B 05984 |
| MIGUEL S. RUIZ a/k/a MIGUEL RUIZ, | ) | |
| | ) | Judge Susan P. Sonderby |
| Debtor. | ) | Motion Date: September 8, 2009 |
| | ) | Motion Time: 10:00 a.m. |

MOTION OF BANCO POPULAR
TO DISMISS OR CONVERT TO CHAPTER 7

BANCO POPULAR (hereinafter "Banco") by and through its attorneys, CHUHAK & TECSON, P.C., moves this court for an order modifying the automatic stay and in support thereof states as follows:

1.    Debtor, MIGUEL S. RUIZ ("Debtor"), filed for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on February 25, 2009.

2.    Banco is a secured creditor of the debtor with respect to the following properties (hereinafter collectively referred to as the "Properties"):

   a.    **2317 N. Milwaukee, Units R-1, R-2 and R-3, Chicago, Illinois** (Commercial Condominiums) by virtue of a Mortgage and Promissory Note executed on or about June 6, 2005 by Ruiz and LaSalle National Bank Association, as successor trustee under Trust No. 119024 and not personally, to which Miguel Ruiz is the sole beneficiary, in the principal amount of $750,000.00;

   b.    **2317 N. Milwaukee, Unit 4, Chicago, Illinois** (Residential Condominium) by virtue of a Mortgage and Promissory Note executed on or about November 1, 2006 by Ruiz and Chicago Title Land Trust Company, not personally but as Trustee on behalf of Chicago Title Land Trust Company as successor Trustee to LaSalle Bank National Association, successor

Trustee to LaSalle National Trust, NA, as Trustee u/t/a dated August 26, 1994 a/k/a Trust No. 119024, to which Ruiz is the sole beneficiary (the "Land Trust") in the principal amount of seven hundred thousand ($700,000.00) (the "$700,000.00 Note"). Additionally, a Second Mortgage and Promissory Note executed on or about November 1, 2006 by Ruiz and the Land Trust, in the principal amount of one hundred thousand dollars ($100,000.00) (the "$100,000.00 Note").

  c. **1918 W. Winnemac, Chicago, Illinois** (Single Family Residence) by virtue of a First Mortgage, securing the $700,000.00 Note, and a Second Mortgage, securing the $100,000.00 Note.

  3. Section 1112(b)(1) of the Bankruptcy Code provides in pertinent part:

> a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interest of the creditors of the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of the estate, if the movant establishes cause. 11 U.S.C. 1112 (b)(1) (West 2008).

  4. The term "cause" under section 1112(b) includes, among other things, substantial or continuing loss to or diminution of the estate and absence of reasonable likelihood of rehabilitation, gross mismanagement of the estate, and the unauthorized use of cash collateral substantially harmful to 1 or more creditors. 11 U.S.C. § 1112(b)(4)(A) (West 2008).

  5. The Properties, Banco's primary source of secured collateral, continue to substantially deteriorate with little to no prospect of any income or sale proceeds to fund the estate. Upon information and belief, at least one of the Properties is occupied by the Debtor's business, Nova Construction and Development, Inc., an Illinois corporation, without payment of rent, utilities, or assessments. Further, the City of Chicago issued a business license to Universal Sheet Metal, which lists its location at one of the Properties. (See, <u>Exhibit</u> A). There is no

indication as to whether the estate is being compensated for the operations of Universal Sheet Metal.

6. Since filing his petition in February of this year, the Debtor has been unable to obtain debtor-in-possession financing, has not filed a budget, and has not proposed a Chapter 11 plan. The Debtor's exclusive right to propose a plan has expired.

7. As such, there is a continuing loss to or diminution of the estate and absence of reasonable likelihood of rehabilitation.

8. Furthermore, based on the testimony of the Debtor in Banco's motion for relief from the automatic stay, the Debtor has received rental income from one or more of the above mentioned properties. Specifically, Debtor stated that his construction company currently resides in one of the Properties and is paying rent. In his written response to Banco's previous motion for relief from stay, Debtor states that he "currently occupies one of the commercial units to operate his construction business and for storage of materials." Resp. to Mot. Relief Stay at 5 (attached hereto as Exhibit B (w/o exhibits)).

9. Cash collateral means cash or other cash equivalents acquired in which the estate and an entity other than the estate have an interest and includes the rents or profits of property "for the use or occupancy of rooms…or other lodging properties subject to the security interest." 11 U.S.C. §363(a) (West 2008). A debtor in possession may not use, sell, or lease cash collateral unless: (1) each entity that has an interest consents, or (2) the court, after notice and hearing, authorizes such use, sale or lease. 11 U.S.C. § 363(c)(2) (West 2008).

10. Therefore, any rent received by the Debtor as describe herein is cash collateral. As such, only the court can authorize its use after notice and hearing. *See, Id.*

11.     As of the date of this motion, the Debtor has not sought authorization of the Court to dispose or use the described cash collateral. Further, Debtor has not shown that the purported rental income from the Properties is in an appropriate debtor-in-possession account.

12.     Based on the above described actions, or inactions, by Debtor, the estate is being grossly mismanaged.

13.     By reason of the premises, the case should be dismissed or converted to Chapter 7 pursuant to 11 U.S.C. § 1112.

WHEREFORE, BANCO POPULAR NORTH AMERICA prays that this Court enter an order:

A.     Dismissing this case, or

B.     Converting this case to Chapter 7; and

C.     Any additional relief the Court deems proper.

BANCO POPULAR NORTH AMERICA

By:     \s\ Francisco E. Connell
        Francisco E. Connell
        One of its attorneys

Francisco E. Connell (ARDC #6289256)
CHUHAK & TECSON, PC
Attorney for Banco Popular North America
30 S. Wacker Drive, Suite 2600
Chicago, Illinois 60606
(312) 444-9027